*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OLEG FINEFTER,

UNPUBLISHED
May 28, 2020

   Plaintiff-Appellant,

v

No. 348151
Oakland Circuit Court

JANE DOE and FARM BUREAU GENERAL
INSURANCE COMPANY OF MICHIGAN,

LC No. 2018-166477-NI

   Defendants-Appellees.

Before: BECKERING, P.J., AND FORT HOOD AND SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

   I concur with the majority opinion in all respects. However, I believe the majority fails to adequately address the conduct of defense counsel in this case. According to the e-mails provided to the court, defense counsel, whether by action and/or omission, deceived plaintiff's counsel. On December 28, 2018, plaintiff's counsel wrote defense counsel as follows: "Please advise if you are going to dismiss the MSD that is currently pending." Defense counsel unambiguously responded, "We are withdrawing the pending MSD." However, the defense did *not* withdraw the motion nor promptly advise plaintiff that it would not do what it said it would. Instead, without informing plaintiff, the defense allowed the motion to remain on the court's calendar all the while knowing that if plaintiff did not respond to the still-pending motion by January 30, 2019, the court would "assume that [plaintiff's] counsel does not have any authority for its respective position, and a written opinion will be issued on or before the scheduled hearing date." After several weeks, defense counsel sent an e-mail to plaintiff's counsel stating that he was proceeding with the motion for summary disposition, and plaintiff's counsel, relying on the fact that the original motion for summary disposition had been withdrawn, concluded that that defendant had, or would, refile the motion and obtain a new hearing date. Plaintiff's counsel e-mailed in response: "Once you get a hearing date, please send me the notice." Defense counsel never responded to this e-mail nor advised plaintiff's counsel in some other fashion that the initial motion had not been withdrawn and would be heard as originally scheduled. If this conduct was intentional it is sanctionable.

Accordingly, on remand, I would further direct the court to determine whether defense counsel's failure to withdraw the motion or his failure to fully inform plaintiff's counsel that the original hearing date was still scheduled was intentional and, if so, determine whether defendant and its counsel should be sanctioned for such conduct.

/s/ Douglas B. Shapiro